Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| VUR-JER, LLC.<br><br>**Apelante**<br><br>V.<br><br>Junta Reglamentadora De Cannabis Medicinal<br><br>**Apelado** | TA2025AP00066 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil. Núm. JRCM2022031<br><br>Sobre: Vencimiento De Licencia CM-2018-088 |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Juez Romero García y la Juez Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 30 de junio de 2025, VUR-JER, LLC (Vur-Jer o el recurrente) compareció ante nos mediante un *Recurso de Revisión Judicial*[2] y solicitó la revisión de una *Resolución Final* que se emitió el 28 de mayo de 2025 y se notificó al día siguiente. Mediante el aludido dictamen, la Junta Reglamentara del Cannabis Medicinal (Junta o la recurrida) acogió la recomendación de la Oficial Examinadora. En consecuencia, determinó que no procedía permitirle a Vur-Jer la presentación tardía de la solicitud de renovación del permiso de la licencia núm. CM-2018-088 para operar su negocio de cannabis medicinal.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

---

[1] Reabierto mediante Mandato del Tribunal Supremo de fecha 15 de mayo de 2026.

[2] Cabe precisar que, aunque Vur-Jer presentó un recurso de revisión judicial, por error o inadvertencia la Secretaría de este Tribunal le asignó un alfanumérico de una apelación. Así pues, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

**I.**

Aclaramos que el tracto procesal que se expone a continuación surge del expediente administrativo remitido ante nuestra consideración en cumplimiento con nuestra orden del 22 de junio de 2026.

Según surge del expediente ante nuestra consideración, Vur-Jer era una compañía de responsabilidad limitada autorizada a realizar negocios en Puerto Rico que obtuvo una licencia para operar un dispensario de cannabis medicinal. Dicha licencia, identificada por la Junta con el alfanumérico CM-2018-088, fue expedida el 25 de junio de 2018. Desde su expedición, el recurrente ha diligenciado las renovaciones correspondientes a los años 2019, 2020 y 2021 estando vigente esta última hasta el 25 de junio de 2022. A su vez, como parte de su solicitud de licencia inicial, Vur-Jer notificó que su estructura corporativa estaba compuesta por los siguientes accionistas: la Sra. Gwen Black (señora Black), el Sr. Ángel Álvarez Freiría (señor Álvarez) y el Sr. José J. Berríos Rivera (señor Berríos).

Siendo ello así, el 24 de mayo de 2022, se celebró una reunión en la que compareció el recurrente representado por el señor Álvarez, el señor Berríos y el Lcdo. Daniel Martínez (licenciado Martínez), mientras que la Junta estaba representada por la entonces Directora Ejecutiva, la Lcda. Arlene M. Questell (licenciada Questell) y la Lcda. Mayra Colón. En aludida reunión, el recurrente informó que debido a un pleito de naturaleza legal que involucraba a los accionistas de la compañía estos no contaban con la documentación requerida de la señora Black para poder presentar la solicitud de renovación de licencia.

En respuesta, la licenciada Questell indicó que debido a que la estructura corporativa de Vur-Jer constaba de tres (3) accionista, requirió que se acreditara la notificación de los trámites pendientes ante la Junta a todos los accionistas, incluyendo a la señora Black.

Además, le advirtió al recurrente la facultad de la Junta de imponer multas en caso de que se hubiese realizado un cambio de dueño sin previa presentación de una solicitud a esos fines, ni aprobación de la Junta desde el año 2019 hasta la renovación pendiente para el 2022-2023.

Posteriormente, el 13 de junio de 2022, Vur-Jer cursó un correo electrónico dirigido a la recurrida. En este, solicitó que se le permitiera un cambio de estructura de la entidad, toda vez que el empleado que había mantenido secuestrado la documentación y acceso de la compañía figuraba para los récords de la Junta como un dueño minoritario, el cual debería ser excluido.

El 22 de junio de 2022, el recurrente, sin haber solicitado una cita como era el trámite ordinario, acudió a las oficinas de la Junta con el fin de presentar la solicitud de renovación de la licencia. No obstante, esta no fue recibida por no contar con la totalidad de la documentación requerida. Sin embargo, en esta misma fecha, un funcionario de la Junta, cuyo remitente era Citas Cannabis Medicinal, le cursó un correo electrónico a Vur-Jer a efectos de citarlo para el 23 de junio de 2022, para que este entregara la carpeta relativo a la solicitud de la renovación de licencia. Pese a lo expuesto, el recurrente no acudió a la mencionada cita.

Así las cosas, el 25 de junio de 2022, se venció la licencia número CM-2018-088, sin que Vur-Jer hubiese presentado la solicitud de renovación de licencia o, en la alternativa, una solicitud de cambio de dueño y/o estructura organizacional.

El 28 de julio de 2022, las partes llevaron a cabo una segunda reunión. En esta, la licenciada Questell le informó a Vur-Jer que, toda vez que la licencia venció el 25 de junio de 2022, sin haberse tramitado la solicitud de renovación de licencia con toda la documentación requerida, era necesario un escrito mediante el cual se acreditara las razones de justa causa por no haberse radicado

previo a su vencimiento. De otra parte, reiteró la importancia de acreditar la notificación a la señora Black.

El 29 de julio de 2022, Vur-Jer envió un correo electrónico dirigido a la licenciada Questell y a la Junta. En esta, expresó que como el vencimiento de la licencia era el 25 de junio de 2022, a saber, un sábado, entendía que la fecha se extendería al próximo día laborable, a saber, el 27 de junio de 2022. De igual forma, manifestó su interés para llevar a cabo la renovación, sin embargo, que la señora Black era la encargada de la parte operacional de Vur-Jer, por lo que su ausencia del proceso provocó lagunas y confusiones en los trámites y pusieron en una posición precaria a la compañía. Acompañado a su escrito, el recurrente incluyó copia de un sobre tamaño carta dirigido a la señora Black con fecha de depósito en el correo de 27 de junio de 2022. No obstante, esta fue devuelta al remitente y no se proveyó copia de su contenido.

El 30 de septiembre de 2022, la Junta emitió y notificó una *Resolución* en el presente caso. En esencia, determinó que no habiéndose presentado la solicitud de renovación de licencia previo a su vencimiento o puesto en posición a la Junta de evaluar aquellas circunstancias extraordinarias que justificaran su presentación tardía, resultaba improcedente las solicitudes del recurrente para continuar con el trámite de renovación.

El 20 de octubre de 2022, Vur-Jer presentó una *Moción de Reconsideración y Solicitud Urgente de Vista Administrativa*. A tales efectos, el 4 de noviembre de 2022, la Oficial Examinadora emitió una *Notificación de Vista Administrativa* donde se señaló una vista administrativa para llevarse a cabo el 23 de enero de 2023.

Luego de varios asuntos procesales, el 18 de abril de 2023, se celebró una vista donde compareció la Junta y Vur-Jer. Conforme se desprende la *Minuta*, las partes acordaron comunicarse para establecer los hechos estipulados sobre el testimonio de la

licenciada Questell. Así, Vur-Jer esbozó que citaría a la Directora Ejecutiva a los fines de testificar sobre los asuntos que no se pudieron estipular. Por lo cual, las partes acordaron dejar en suspenso la solicitud de notificación hasta tanto se decidiera si iban a traer a la licenciada Questell como testigo o no.

Posteriormente, el 29 de noviembre de 2023, se llevó a cabo una vista de estado de los procedimientos. Allí, según surge de la *Minuta*, la Oficial Examinadora determinó no permitir a la licenciada Questell como testigo. En particular, sostuvo que existían otros testigos, incluso del mismo Vur-Jer, que podían declarar sobre el mismo contenido. Por lo que, indicó que siendo ella la Directora Ejecutiva de la Junta, entendía que no procedía citarla como testigo considerando lo que aportaría al caso.

Tras varios trámites procesales, innecesarios pormenorizar, el 11 de febrero de 2025, se celebró una vista en su fondo. En lo que nos ocupa, la Oficial Examinadora reiteró su No Ha Lugar en permitir la comparecencia de la licenciada Questell. Ante esta denegatoria, Vur-Jer sometió el caso por expediente, a pesar de estar debidamente advertido de las consecuencias que esto acarearía.

Siendo ello así, el 28 de mayo de 2025, la Junta emitió una *Resolución Final* que se notificó al día siguiente. Mediante esta, acogió el *Informe de la Oficial Examinadora* emitido por la Lcda. Ramagui Rivera de Jesús, donde se consignaron las siguientes determinaciones de hechos:

1. VER-JUR es un de dispensario que se rige por las reglamentaciones establecidas por la Junta en virtud de la licencia que le fue expedida el 25 de junio de 2018, licencia número CM-2018-088.

2. La estructura corporativa presentada por VUR-JER a la Junta como parte de la solicitud de licencia, establece que su estructura organizacional está compuesta por los siguientes accionistas: Gwen Black, Ángel Álvarez Freiría y José J. Berríos Rivera.

3. La documentación de la renovación de la licencia correspondiente al año 2019 fue firmada por la Sra. Gwen Black en representación de VUR-JER, según surge de las Estipulaciones de Hechos contenidas en el Informe Conjunto radicado por las partes el día 1ro de diciembre de 2023.

4. La documentación de la renovación de la licencia correspondiente al año 2020 fue firmada por el Sr. Ángel Álvarez Freiría en representación de VUR-JER, según surge de las Estipulaciones de Hechos contenidas en el Informe Conjunto radicado por las partes el día 1ro de diciembre de 2023.

5. La documentación de la renovación de la licencia correspondiente al año 2021 fue firmada por el Sr. Ángel Álvarez Freiría en representación de VUR-JER, según surge de las Estipulaciones de Hechos contenidas en el Informe Conjunto radicado por las partes el día 1ro de diciembre de 2023.

6. Después de esa última renovación en el año 2021, la licencia tenía vigencia hasta el 25 de junio de 2022.

7. El día 24 de mayo de 2022 se celebró una reunión a la que comparecieron el Sr. Ángel Álvarez Freiría, el Sr. José J. Berríos Rivera y el Lcdo. Daniel Martínez en representación de VUR-JER, en representación de la JRCM se encontraba presente la entonces Directora Ejecutiva Lcda. Arlene M. Questell y la Lcda. Mayra Colón.

8. En dicha reunión VUR-JER solicitó reconsideración sobre unas multas que tenían pendiente de pago las cuales ya eran finales, firmes y exigibles y también informó que debido a un pleito de naturaleza legal que involucraba a los accionistas de la compañía, estaban impedidos de conseguir la documentación requerida de la accionista Gwen Black para poder presentar la solicitud de renovación de licencia, según surge en las Determinaciones de Hechos contenida en la Resolución emitida por la JRCM notificada el 30 de septiembre de 2022 y que no fue controvertida por la parte promovente.

9. Toda vez que la estructura organizacional de VUR-JER consta de 3 (tres) accionistas, la Sra. Questell requirió que presentaran una carta explicativa que acreditara la notificación de los trámites pendientes ante la Junta a todos los accionistas de la corporación y que específicamente se acreditara la notificación oportuna a la Sra. Gwen Black. De igual manera, se advirtió a los presentes sobre la facultad

de la JRCM de imponer multas en caso de que se hubiese realizado un cambio de dueño sin previa presentación de una solicitud a esos fines, ni aprobación de la Junta desde el año 2019 hasta la renovación pendiente para el 2022-2023, según surge en las Determinaciones de Hechos contenida en la Resolución emitida por la JRCM notificada el 30 de septiembre de 2022 y que no fue controvertida por la parte promovente.

10. El día 13 de junio de 2022, la inspectora de Junta, Yordialis Rivera Maldonado, se comunicó vía telefónica con los representantes de VUR-JER dando seguimiento al documento que les fue solicitado por la Directora Ejecutiva en la reunión del 24 de mayo de 2022 toda vez que el mismo no había sido sometido, según surge en las Determinaciones de Hechos contenida en la Resolución emitida por la JRCM notificada el 30 de septiembre de 2022 y que no fue controvertida por la parte promovente.

11. El 13 de junio de 2022 a las 3:25pm el Lcdo. Martínez cursó un correo electrónico a la Sra. Yordialis Rivera en el que vuelve a traer el asunto de las multas pendientes de pago y solicita a la Junta que se permita un cambio de dueño a la estructura de VUR-JER.

12. El Lcdo. Martínez expresa en su correo electrónico que "permita un cambio de dueño a la estructura de VUR-JER, toda vez que el empleado que ha mantenido secuestrado la documentación y acceso de la compañía figuraba para los récords de esta Junta como un dueño minoritario, el cual debe ser excluido."

13. No se acredita en el correo las gestiones que establezcan la notificación oportuna a la Sra. Gwen Black sobre los asuntos pendientes ante la Junta.

14. El 22 de junio de 2022, VUR-JER acudió a las Oficina de la JRCM sin haber solicitado una cita para la presentación de la solicitud de renovación de licencia. La solicitud no fue recibida por no contar con la totalidad de la documentación requerida, según surge en las Determinaciones de Hechos contenida en la Resolución emitida por la JRCM notificada el 30 de septiembre de 2022 y que no fue controvertida por la parte promovente.

15. El 22 de junio de 2022 a las 10:06am el Sr. Jeffrey Fina cursa una comunicación al correo electrónico

citascannabismedicial@salud.pr.gov cuyo contenido es:

"Nuevamente aquí Jefferson de Vurjer, hablé con un inspector y me dijo que Yordialis es la inspectora de esta área. No habíamos solicitado la cita ya que el Martes 114 los propietarios del dispensario tuvieron una reunión con la Directora referente a una multa administrativa y hasta que no se diera esa reunión no se podía solicitar la cita. La lic. se vence el 25 de Junio. Yo llevé todos los documentos hoy pero Lourdes Iglesias me dio que solicitara una extensión administrativa en lo que se nos daba la cita. Estoy pendiente a los pasos a seguir. Gracias" (EXHIBIT 6 ESTIPULADO POR LAS PARTES)

16. Ese mismo día un funcionario de la JRCM envía un correo electrónico cuyo remitente es Citas Cannabis Medicinal al Sr. Jeffrey Fina cuyo contenido es:

"Reciba un cordial saludo. Por este medio se le notifica que se ha coordinado una cita con la Inspectora Yordialis Rivera Maldonado para el trámite solicitado en la Oficina de la Junta Reglamentadora de Cannabis Medicinal para el jueves, 23 de junio de 2021 a las 8:45am. (Se aclara que ese es el contenido ad verbatim del correo electrónico pero podemos establecer que es del año 2022.)

Recuerde que se recibe una persona por establecimiento. Carpetas que no cuenten con toda la documentación requerida no se estarán recibiendo. Nos encontramos ubicados en 1506 Ave. Ponce de León Santurce Puerto Rico 00936. Cualquier inconveniente se puede comunicar al 787-765-2929 ext.3504 o 3505.

Le agradecemos su confirmación y puntualidad.

Oficina Junta Reglamentadora del Cannabis Medicinal JRCM"(EXHIBIT 6 ESTIPULADO POR LAS PARTES)

17. A las 10:57am del día 22 de junio de 2022 el Sr. Jefferson le cursó un correo electrónico a la Sra. Yordialis Rivera Maldonado cuyo contenido es:

"Buenos días Yordialis, te escribo porque solicita la cita para la renovación del dispensario. Se que estoy tarde pero fue que se estaba esperando por una reunión con la directora y se llevo a cabo la semana pasada. Fui a llevar todos los documentos pero Lourdes Iglesias me dijo que tenía que hacer la cita por correo comoquiera. Espero me puedas ayudar, tengo todos los documentos conmigo y puedo pasar en cualquier momento por tu oficina. Gracias por tu ayuda!" (EXHIBIT 4 ESTIPULADO POR LAS PARTES)

18. A la 1:21pm del 22 de junio de 2022 un representante de la JRCM cursa un correo electrónico al Sr. Fina cuyo contenido es:

"Saludos Cuál es el nombre del establecimiento?" (EXHIBIT 6 ESTIPULADO POR LAS PARTES)

19. Dicho correo es contestado el día 22 de junio de 2022 por el Sr. Fina a la 1:57pm:

"Saludos, el nombre del dispensario es Vur-jer. Ubicado en la Calle Hernández Carrión #E-25 Urb. Atenas, Manatí 00674." (EXHIBIT 5 ESTIPULADO POR LAS PARTES)

20. El día 23 de junio de 2022 a las 8:40am el Sr. Fina, representante de Vur-Jer, cursó un correo electrónico a la Sra. Yordialis Rivera Maldonado cuyo contenido es:

"Buenos días Yordialis, José Berríos está reunido con Angel en la mañana de hoy para firmar todas las formas pertinentes al cambio de dueño y sacar el sello de los 5 mil. Déjame saber si te puedo entregar todo incluyendo la carpeta de renovación o espero a tu llames? Gracias" (EXHIBIT 7 ESTIPULADO POR LAS PARTES)

21. A las 8:47am del 23 de junio de 2022 la Sra. Yordialis Rivera Maldonado respondió el correo electrónico al Sr. Fina:

"Saludos, es un giro o cheque certificado para el cambio de dueño." (EXHIBIT 7 ESTIPULADO POR LAS PARTES)

22. EL Sr. Fina respondió a las 9:29am del 23 de junio de 2022:

"Ok, lo saco y espero tus instrucciones. Gracias" (EXHIBIT 7 ESTIPULADO POR LAS PARTES)

23. A las 10:58am del 23 de junio de 2022 la Sra. Yordialis Rivera Maldonado cursa un correo electrónico al Sr. Fina, representante de VUR-JER, cuyo contenido es:

"Para que el cambio de dueño sea evaluado, debe llevarse a cabo según conversado en la reunión que tuvo la licenciada Questell con los señores Ángel Alvarez y José Berríos. El mismo debe ser conforme a los By-Laws. Además, deben incluir la notificación en que se le avisó a la otra parte que no será miembro de la estructura corporativa. Cualquier pregunta, no dude en comunicarse." (EXHIBIT 7 ESTIPULADO POR LAS PARTES)

24. Ningún representante de VUR-JER acudió a la cita solicitada para hacer entrega de la solicitud de renovación de licencia.

25. El 25 de junio de 2022 se venció la licencia CM-2018-088 concedida a VUR-JER sin que se hubiese sometido la solicitud de renovación de licencia ni la solicitud de cambio de dueño.

26. El 28 de julio de 2022 se celebró una reunión a la cual asistieron el Sr. Álvarez, Sr. Berríos y su representante legal a nombre de VUR-JER y la Lcda. Questell junto a la representante legal de la JRCM.

27. El 29 de julio de 2022 VUR-JER presentó un escrito vía correo electrónico por conducto del Lcdo. Martínez dirigido a la Lcda. Questell y a la Sra. Yordialis Rivera en el cual expresó lo siguiente:

"En nuestra reunión con usted en dicha ocasión surgió la alternativa de notificar a la Sra. Black por correo certificado con acuse de recibo en cuanto a la necesidad de su comparecencia para el proceso de renovación de licencia, que valencia el termino (sic) para la presentación de los documentos para su renovación para el 25 de junio de 2022. Sobre el particular entendíamos, como es uso y costumbre procesalmente, que como el 25 de junio era sábado y la agencia no operaba, la fecha límite se extendería al próximo día laborable, o sea el lunes 27 de junio." (EXHIBIT 3 ESTIPULADO POR LAS PARTES)

28. También surge de la carta el siguiente contenido:

"Como podrá colegir por nuestras acciones, es nuestra intención proceder con el trámite de renovación de la licencia dentro del tiempo reglamentario e incluso se procedió a intentar entregar las carpetas necesarias para la renovación; no obstante, debido a todo el problema procesal provocado por la Sra. Black y su ausencia del proceso provocó unas lagunas o confusiones en la tramitación de renovación que afectaron la forma y manera de cómo se trabajó la renovación de la licencia. Es importante reseñar que precisamente era la parte operacional de VUR-JER, LLC la responsabilidad de Gwen Black, por lo que sus acciones e inacciones pusieron en una posición precaria a la compañía. Es por todo lo anterior que se solicita respetuosamente que se permita continuar con los trámites de la renovación de la licencia, así evitando que las acciones de la Sra. Gwen Black sigan perjudicando al Sr. José Berríos y al Sr. Angel Alvarez quienes tienen como única intención el cumplir con el proceso de radicación." (EXHIBIT 3 ESTIPULADO POR LAS PARTES)

29. En la referida comunicación VUR-JER anejó copia de un sobre tamaño carta cuya fecha de depósito en el correo es el 27 de junio de 2022, junto con copia de la información del rastreo del servicio postal, el mismo está dirigido a Gwen G. Black a la dirección Carr. Núm 2 Km. 135.1 Interior, Barrio Naranjo, Aguada, Puerto Rico 00602. Surge de la copia del sobre una nota del correo postal que sugiere la carta fue devuelta al remitente. No se proveyó copia de los documentos contenidos en el interior del sobre. (EXHIBIT 3 ESTIPULADO POR LAS PARTES)

30. El día 30 de septiembre de 2022 se notificó Resolución en el caso de epígrafe en la cual se declara improcedente la solicitud de VUR-JER de que se le permita continuar con el trámite de renovación. (Ver Resolución)

31. El 20 de octubre de 2022 VUR-JER presenta "Moción de Solicitud de Reconsideración y Solicitud Urgente de Vista Administrativa."

32. El 4 de noviembre de 2022 se emite Notificación de Vista Administrativa quedando el caso citado para el 23 de enero de 2023.

33. La vista en su fondo fue finalmente celebrada el 11 de febrero de 2025, VUR-JER tuvo oportunidad de argumentar ampliamente su posición en cuanto al orden de presentar la prueba y los testigos que interesaban presentar, asunto que ya había sido resuelto en la vista anterior celebrada el 29 de noviembre de 2023.

34. El día 1ro de diciembre de 2023 las partes sometieron el "Informe Conjunto con Antelación a la Vista en su Fondo".

35. En dicho informe VUR-JER establece que los testigos que estarían presentando en la Vista eran Ángel Álvarez, accionista de VUR-JER, José Berríos, accionista de VUR-JER y Jefferson Fina.

36. Las Determinaciones de Hecho estipuladas por las partes y contenidas en el "Informe Conjunto con Antelación a la Vista en su Fondo" son:

   a. La Parte Promovente adquirió una licencia de dispensario de cannabis medicinal, el 25 de julio de 2018, con el número de licencia CM-2018-088.

b. El 24 de mayo de 2022 se llevó a cabo una reunión en las oficinas de la JRCM donde estuvieron presentes los señores Ángel Álvarez y José Berríos, el representante legal de VUR-JER, el Lcdo. Daniel R. Martínez Avilés, así como la directora de la JRCM, la licenciada Questell, la Lcda. Mayra Colón Cajigas y la Inspectora Yordialis Rivera Maldonado.

c. En esa reunión celebrada el 24 de mayo de 2022, la directora Questell indicó a la Parte Promovente que, para efectuar el cambio de dueño requerido para la renovación de la licencia, VUR-JER debía enviar una comunicación a la Sra. Black a su última dirección conocida por correo certificado y acuse de recibo en la cual se le informara de los trámites ante la Junta para obtener la renovación de la licencia.

d. La licencia de dispensario de cannabis medicinal de la Parte Promovente fue renovada por tres años consecutivos, del año 2019 al año 2021. La renovación de la licencia para el periodo de 2019-2020 fue firmada por la Sra. Gwen Black; la renovación de licencia para el periodo de 2020-2021 fue firmada por el Sr. Ángel Álvarez; y la solicitud de renovación de licencia para el periodo de 2021-2022 fue firmada por el Sr. Ángel Álvarez.

e. La fecha de vencimiento de la licencia de la Parte Promovente para el periodo del año 2022-2023 era el 25 de junio de 2022.

f. El 29 de septiembre de 2020 la Junta emitió una Resolución Final en el caso JRCM 2019-009 en la cual modificó la multa impuesta a la Promovente a la cuantía de veinticinco mil dólares ($25,000.00), la cual no se ha satisfecho.

g. No se necesita ni requiere la firma ni comparecencia de la totalidad de los miembros de una compañía de responsabilidad limitada, que opere como dispensario de cannabis medicinal, para el recibo por parte de la Junta de una solicitud de renovación de licencia.

37. VUR-JER informa en la vista del 11 de febrero de 2025 su determinación de someter el caso por el expediente.

Subsiguientemente, manifestó que, conforme al Artículo 98 del Reglamento Núm. 9038, *infra*, una solicitud de renovación debía presentarse no menos de treinta (30) días antes de su vencimiento. No obstante, expuso que, a su vez, el referido cuerpo reglamentario disponía que de esta ser presentada dentro del término de treinta (30) días antes de su expiración, el titular debería proveer una explicación escrita que detallara las circunscritas por las cuales radicó tardíamente.

Sostuvo que, en el presente caso, el recurrente no presentó su solicitud de renovación al menos treinta (30) días previo a la fecha de vencimiento. Además, señaló que este tampoco la radicó dentro del término de treinta (30) días antes de su expiración acompañada de un escrito que detallara las circunstancias por haberse radicado tardíamente.

A tales efectos, juzgó que el recurrente no solo no estableció justa causa, sino que tampoco ofreció razón alguna para explicar el incumplimiento y en consecuencia mover a la Junta permitirles radicar tardíamente. Por lo que, determinó que una vez el periodo de vigencia de la licencia concedida venció, la Junta quedó impedida para extender la licencia de manera administrativa o de atender la solicitud de renovación.

Inconforme, el 30 de junio de 2025, Vur-Jer presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **I. Erró la Junta Reglamentadora del Cannabis Medicinal al dejar sin efecto la ley del caso decretada en abril de 2023 y alterar de manera ultra vires sin fundamento su decisión previa de permitir el testimonio de la Lcda. Questell Aguirre, principal testigo de la Parte Recurrente-Promovente.**
>
> **II. Erró la Junta Reglamentadora del Cannabis Medicinal al denegar la admisibilidad del testimonio de una testigo esencial de la Parte Recurrente-Promovente del proceso administrativo.**
>
> **III. Erró la Junta Reglamentadora del Cannabis Medicinal al negarse a notificar reducido a escrito su dictamen denegando admitir como anunciado y**

**previamente acordado el testimonio de la Lcda. Questell Aguirre.**

**IV. Erró la Junta Reglamentadora del Cannabis Medicinal al determinar que la Sra. Gwen G. Black no era parte indispensable en el proceso de revisión de resolución administrativa.**

**V. Erró la Junta Reglamentadora de Cannabis Medicinal al denegar la solicitud de renovación de licencia al exigir requisitos no contemplados en ley ni en su reglamentación vigente, en contravención a su propio historial administrativo.**

Atendido el recurso, el 7 de julio de 2025, emitimos una *Resolución* concediéndole a la Junta hasta el 22 de julio de 2025, para presentar su alegato en oposición. Oportunamente, el 18 de julio de 2025, la parte recurrida presentó su *Oposición a Recurso de Revisión Administrativa* y negó que la agencia cometiera los errores imputados. Con el beneficio de la comparecencia de ambas partes y la copia certificada del expediente administrativo, procedemos a resolver. *Veamos.*

II.

**-A-**

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág. 627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

La Ley Núm. 42-2017, según enmendada, conocida como *Ley para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites ("Ley MEDICINAL")*, 24 LPRA sec. 2621 *et seq.* (Ley Núm. 42-2017), establece el marco regulatorio que autoriza el uso del cannabis medicinal como alternativa legítima de tratamiento para personas con determinadas condiciones médicas. Asimismo, crea un sistema regulatorio basado en un esquema de licencias e identificaciones específicas para supervisar todas las etapas relacionadas con el cannabis medicinal,

incluyendo su investigación, cultivo, manufactura, análisis en laboratorios, transportación y dispensación. Íd.

Como parte de ese esquema, la Ley Núm. 42-2017 creó la Junta Reglamentadora del Cannabis Medicinal, adscrita al Departamento de Salud, como el organismo encargado de administrar el Programa de Cannabis Medicinal. Arts. 2(k) y 4 de la Ley Núm. 42-2017, 24 LPRA secs. 2621a y 2622. Para ello, el Art. 5 de la Ley Núm. 42-2017, 24 LPRA sec. 2622a, le confirió todos los poderes necesarios o convenientes para cumplir los propósitos de la ley, entre ellos:

[...]

k. Emitir reglamentos para instrumentar esta Ley [...].

l. Celebrar vistas públicas conforme a su función adjudicativa. Adjudicar casos de asuntos bajo su jurisdicción [...].

[...]

n. Emitir, negar, revocar, suspender, restringir licencias e imponer multas administrativas conforme a las disposiciones de esta Ley y los reglamentos que promulgue para instrumentar la misma.

[...].

A su vez, el Art. 7 de dicho cuerpo normativo, 24 LPRA sec. 2622c, dispone que la Junta podrá delegar en oficiales examinadores la facultad de presidir las vistas públicas que se celebren, los cuales gozarían de autoridad para:

(1) tomar juramento y declaraciones;

(2) expedir citaciones, requerir la presentación de informes, libros, papeles y documentos que consideren necesarios para el ejercicio de sus funciones;

(3) recibir evidencia pertinente y dictaminar sobre ella;

(4) tomar o hacer tomar deposiciones;

(5) celebrar vistas públicas y regular el curso de las mismas;

> (6) celebrar y presidir conferencias preliminares para aclaración y simplificación de los asuntos en controversia;
>
> (7) disponer de instancias procesales o asuntos similares;
>
> (8) recomendar decisiones a la Junta; y
>
> (9) ejecutar funciones de autoridad delegada de adjudicación.

A pesar de ello, referido artículo establece que "la labor de estos oficiales examinadores será válida con la aprobación de la mayoría de la Junta, excepto en los casos donde se le confirió a la Junta la autoridad para delegar al director ejecutivo algún asunto, en cuyo caso la aprobación del director ejecutivo será suficiente". Íd.

En el ejercicio de la facultad reglamentaria que le confiere la Ley Núm. 42-2017, la Junta adoptó el Reglamento Núm. 9038, conocido como el *Reglamento para Manejar el Estudio, Desarrollo e Investigación del Cannabis para la Innovación, Normas Aplicables y Límites*, aprobado el 2 de julio de 2018. Dicho reglamento establece las normas que rigen los procedimientos relacionados con la radicación, trámite y adjudicación de las solicitudes presentadas ante la Junta, conforme a la Ley Núm. 42-2017, *supra*. Art. 2 del Reglamento Núm. 9038. Asimismo, sus disposiciones son aplicables a todos los procedimientos sobre los cuales la Junta tenga jurisdicción y competencia. Íd.

En lo pertinente a la controversia ante nuestra consideración, el Artículo 98 del Reglamento Núm. 9038 regula el procedimiento para la renovación de las licencias de los establecimientos. En específico, dispone lo siguiente:

> 1. Todo titular de licencia podrá solicitar la renovación de una licencia existente no menos de treinta (30) días antes de la fecha de expiración de la licencia. Si un titular de licencia solicita la renovación de una licencia existente de manera oportuna, la Junta u Oficina podrá extender la vigencia de la licencia de manera administrativa luego de la fecha de

expiración mientras completa el proceso para renovar la licencia.

2. Si el titular de licencia presenta una solicitud de renovación dentro de los treinta (30) días antes de la expiración, el titular deberá proveer una explicación escrita que detalle las circunstancias por las que la radicó tardíamente. Si la Junta u Oficina acepta la solicitud, entonces la Junta u Oficina podrá elegir extender la vigencia de la licencia de manera administrativa luego de la fecha de expiración mientras completa el proceso para renovar la licencia.

3. La solicitud de renovación sólo se aceptará si incluye los derechos relacionados con la licencia que se requiera.

B. Cuando no se renueve la licencia antes de la expiración o de la extensión administrativa, la solicitud se considerará una solicitud de permiso inicial.

[…].

De otra parte, el Artículo 135 del Reglamento Núm. 9038 se ocupa de las facultades que ostentan los Oficiales Examinadores y establece que:

A. El Oficial Examinador tendrá a su cargo la celebración de una vista justa e imparcial, de tomar las medidas que fueren necesarias para evitar demoras y mantener el orden de las mismas.

B. El Oficial Examinador tendrá, entre otras, las siguientes facultades:

1. Requerir la presentación de evidencia y comparecencia de testigos.

2. Recibir, excluir o limitar la evidencia a presentarse.

3. Resolver las cuestiones de procedimiento ante su consideración.

4. Autorizar mecanismos de descubrimiento de prueba que amerite el caso ante su consideración.

5. Celebrar conferencias preliminares a petición de las partes o por su propia iniciativa, con la debida comparecencia o participación de todas las partes envueltas, para considerar

cualesquiera otros asuntos que pudieran ayudar a la disposición rápida de la vista.

6. Si la parte citada a la conferencia con antelación a la vista o cualquier otra etapa del procedimiento no compareciera o dejare de cumplir con cualquier disposición u orden del Oficial Examinador, este podrá ordenar que se continúen los procedimientos sin su participación. Esta determinación le será notificada al querellante a su dirección de récord. La parte afectada por esta determinación podrá solicitar la reconsideración una vez a la Junta dicte resolución final del caso.

7. Someter a la Junta un resumen de los procedimientos con las determinaciones de hecho y conclusiones de derecho correspondiente y sus recomendaciones sobre la acción o acciones que deben tomarse.

III.

Mediante la discusión conjunta de los errores señalados, el recurrente arguyó que la negativa de la Junta a permitir la comparecencia de testigos claves, como la licenciada Questell, afectó adversamente el desarrollo de prueba y la capacidad del recurrente de presentar su caso adecuadamente. A su vez, esbozó que el dictamen carecía de un análisis razonado de la evidencia documental sometida, lo que constituía una decisión arbitraria en violación al debido proceso de ley.

Sobre esto último, manifestó que el dictamen recurrido ignoraba hechos esenciales no controvertidos y aplicaba de forma irrazonable los reglamentos, por lo que conforme a la normativa vigente no procedía deferencia alguna a su determinación. Así, indicó que la Junta ignoró la doctrina de la ley del caso y dejó sin efecto una decisión final como lo era la citación de la licenciada Questell, la cual fue adjudicado a su favor. En este sentido, sostuvo que el asunto sobre determinar la admisibilidad de una testigo esencial no era una facultad delegada expresamente a un oficial

examinador ya que se trataba de una controversia de carácter sustantivo, por lo que tenía que ir a la Junta para su ratificación por mayoría según exigía la Ley Núm. 42-2017, *supra.*

En primer lugar, se desprende de la *Resolución Final* que, la Junta contando con el quórum reglamentario requerido atendió el Informe rendido por la Oficial Examinadora el 6 de mayo de 2025 y al día siguiente, acogió y adoptó su recomendación como parte integral de su determinación. Esto, en conformidad con las disposiciones de la Ley Núm. 42-2017, *supra* y el Reglamento Núm. 9038, *supra.* Por lo cual, carece de mérito el planteamiento del recurrente en cuanto a que en el presente caso se le privó a la Junta de ejercer su función como último adjudicador.

Respecto a la comparecencia de la licenciada Questell, surge de la *Minuta* de la vista celebrada el 18 de abril de 2023, que su citación quedó en suspenso hasta tanto las partes acordaran los hechos a ser estipulados de su testimonio. De ser necesario, entonces lo traerían a la atención de la Oficial Examinadora para la respectiva citación. No obstante, en la vista celebrada el 29 de noviembre de 2023, la Oficial Examinadora no permitió la comparecencia de la licenciada Questell, ya que lo que se pretendía probar mediante su testimonio se podía obtener mediante otros testigos por lo que no se cumplió con los criterios establecidos para citar a un alto funcionario de una agencia.

Subsiguientemente, el 1 de diciembre de 2023, las partes presentaron su Informe con Antelación a Vista en su Fondo Conjunto. Sin embargo, Vur-Jer no anunció a la licencia Questell como testigo sino solo presentó al señor Álvarez, al señor Berrios y al Sr. Jefferson Fina.

Así las cosas, en la vista celebrada el 11 de febrero de 2025, la Oficial Examinadora reiteró no permitir la comparecencia de la licenciada Questell. Por lo cual, la representación legal de Vur-Jer

sometió el caso por el expediente alegando una violación al debido proceso de ley.

Ahora bien, al someter el caso por el expediente, en efecto, el recurrente renunció a desfilar su prueba testimonial. No obstante, cabe precisar que Vur-Jer pretendía que la licenciada Questell testificara sobre unos asuntos discutidos en la reunión del 24 de mayo de 2022. Sin embargo, en la vista del 29 de noviembre de 2023, las partes estipularon que en referida reunión estuvieron presentes el señor Álvarez y el señor Berrios, accionistas de Vur-Jer, los cuales fueron anunciados como testigos en el pleito de epígrafe. Por lo que, juzgamos que no se justificaba la citación de la entonces directora ejecutiva toda vez que existían otros testigos que podían declarar sobre el mismo contenido. A tales efectos, no se le afectó al recurrente su capacidad de presentar el caso adecuadamente ni se le violentó su debido proceso de ley.

En cuanto a la señora Black, enfatizamos que la presente controversia giraba respecto a si Vur-Jer estableció o no razón justificada para no haber radicado la solicitud de renovación dentro de los términos enunciados en el Reglamento Núm. 9038, *supra*, conforme a lo establecido. Sin embargo, apuntalamos que del apéndice presentando por la parte recurrente se desprende que, el 24 de mayo de 2019, el recurrente expidió un *Certificate of Resolution* donde expuso que:

> RESOLVED, that *Ms. Gwen Black shall cease to be the President and Manager of the Company effective the end of the day on Friday 17, 2019*.

Además, el 20 de octubre de 2022, en su *Moción de Reconsideración y en Solicitud Urgente de Vista Administrativa* el recurrente manifestó que la señora Black no había participado de ningún proceso ante la Junta desde el 2019 cuando esta fue debidamente removida de su puesto. A tales efectos, Vur-Jer siendo una entidad jurídica distinta a sus accionistas y está contando con

la representación de dos de sus accionistas, así como de representación legal, no encontramos fundamento de peso que nos incline a juzgar que la señora Black era parte indispensable en el pleito de epígrafe.

Finalmente, reiteramos que el Artículo 98 del Reglamento Núm. 9038, *supra*, establece que:

> 1. Todo titular de licencia podrá solicitar la renovación de una licencia existente no menos de treinta (30) días antes de la fecha de expiración de la licencia. Si un titular de licencia solicita la renovación de una licencia existente de manera oportuna, la Junta u Oficina podrá extender la vigencia de la licencia de manera administrativa luego de la fecha de expiración mientras completa el proceso para renovar la licencia.

> 2. Si el titular de licencia presenta una solicitud de renovación dentro de los treinta (30) días antes de la expiración, el titular deberá proveer una explicación escrita que detalle las circunstancias por las que la radicó tardíamente. Si la Junta u Oficina acepta la solicitud, entonces la Junta u Oficina podrá elegir extender la vigencia de la licencia de manera administrativa luego de la fecha de expiración mientras completa el proceso para renovar la licencia.

Pese a lo expuesto, Vur-Jer no presentó su solicitud de renovación con la documentación requerida al menos treinta (30) días antes de la fecha de expiración de la licencia. A su vez, tampoco radicó su solicitud dentro de los treinta (30) días antes de su expiración acompañado de un escrito donde detallara las razones o la justa causa por las cuales no cumplió con el término dispuesto en el Reglamento Núm. 9038, *supra.* Por virtud de ello, concluimos que en vista del reiterado incumplimiento por parte del recurrente con las disposiciones del cuerpo reglamentario procede confirmar la Resolución Final.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones